UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jessie Johnpillai,   Case No.  3:21-cv-02037

        Plaintiff,

   v.   MEMORANDUM OPINION
  AND ORDER

Annette Chambers-Smith, *et al.*,

        Defendants.

### BACKGROUND AND HISTORY

*Pro se* Plaintiff, Jessie Johnpillai, a prisoner incarcerated in the Toledo Correctional Institution, ("ToCI"), filed this action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction, ("ODRC"), Director Annette Chambers-Smith, ToCI Warden Harold Mays, Acting ToCI Warden Charlotte Owens, ToCI Institutional Investigator Lieutenant Terence Brown, ToCI Institutional Inspector Michael Jenkins, ToCI Unit Manager Chief Mr. Robinson, ToCI Unit Manager Mrs. Mendoza, ToCI Rules Infraction Board, ("RIB"), Chairman Lieutenant Werrick, ToCI RIB Hearing Officer Sergeant R, Morten, and ToCI RIB Corrections Officer Shaw.  In the Complaint, Plaintiff seeks relief from two RIB conduct violation convictions. He contends the Defendants violated his Fifth, Eighth, and Fourteenth Amendment rights.  He seeks reversal of the conduct convictions, return of lost privileges, and monetary damages.

The first conduct charge which Plaintiff contests was issued on March 9, 2020.  He alleges he was taken to segregation from the law library where prison personnel found notes suggesting drugs had been brought into the prison.  Two other inmates also were in the library at the time.

Plaintiff alleges there were no cameras in the law library and that a search of his cell failed to produce evidence of Plaintiff's involvement in drug trafficking in the prison. He states that Morten nevertheless referred his conduct report to the RIB. The RIB conducted a hearing on March 24, 2020, and found him guilty of breaking Conduct Rule 40 (conveying drugs into the prison). He contends he was sanctioned to 29 days in segregation followed by 6 months in Extended Restricted Housing, ("ERH"). He states he later learned that the other 4 inmates named in the conduct report received only 14 days in segregation even though they were all found with drugs in their possession.

The second conduct charge which Plaintiff contests was issued on June 29, 2021. On that date, prison officials searched Plaintiff's cell and found marijuana in the sealed finger of a latex glove. He was taken to segregation from his cell. He contends he was not presented with a conduct report and that his signature on the report presented at the July 14, 2021 RIB hearing was forged.

The RIB found him guilty of violating Rule 39 (unauthorized possession of drugs or intoxicating substance) and imposed a sanction of 15 days in segregation followed by 30 days in Limited Privilege Housing (LPH), 30 days of commissary restriction, and 2 years of visitation restriction. He claims that although he had already served his 15 days awaiting his hearing, Mendoza tried to keep him in segregation by requesting that the Serious Misconduct Panel consider recommending his placement in ERH.

The Panel met on July 22, 2021 and recommended ERH placement. Plaintiff appealed that decision to Warden May. May did not issue a decision as he was absent from the prison for a period of time. Mendoza asked the Serious Misconduct Panel for a second hearing. They met on August 11, 2021, and recommended a 6-month ERH placement. Plaintiff appealed that decision to acting Warden Walters. Walters denied the placement and he was returned to the general population on LPH. Plaintiff alleges that because he was held in segregation pending a final decision of the ERH placement, he served 37 days in segregation beyond that to which he was sanctioned by the RIB.

Plaintiff asserts three claims in his Complaint. First, he contends the Defendants denied him due process at the RIB hearings. He asserts that the hearings were not held within the time period set forth in the Ohio Administrative Code and the dates were altered in the reports to make them appear timely. He further states the conduct report charging him with a violation of Rule 40 failed to establish that he violated the Rule. He also claims he was not served with a conduct report and his signature on it was forged. Finally, he contends his sanctions imposed an atypical and significant hardship invoking the protections of the Due Process Clause.

Second, Plaintiff asserts that his Eighth Amendment rights were violated. He contends Defendants kept him in segregation beyond the time imposed by the RIB, issued sanctions he considers to be harsh for the offenses charged, and harassed him with conduct violations.

Finally, Plaintiff alleges he was subjected to double jeopardy when he received 4 sanctions for the same conduct violation. He seeks reversal of the guilty findings, removal of the sanctions, and monetary damages.

Plaintiff paid the full filing fee when he filed his Complaint. He subsequently filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 3). Prisoners become responsible for paying the filing fee for a civil rights action at the moment the Complaint is filed. The only question for me to determine is whether Plaintiff should pay the entire fee at once, or whether he qualifies for pauper status and should be permitted to pay the fee in installments over time. 28 U.S.C. § 1915(b). Because the Plaintiff paid the full filing fee at the initiation of this action, there is no need to grant pauper status and order a payment plan for the fee. His Application, (Doc. No. 3), is denied.

## STANDARD OF REVIEW

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the Complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary

3

relief from a Defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

To state a claim upon which relief may be granted, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

My ability to review prison disciplinary proceedings is limited. I may not re-weigh the evidence presented to the disciplinary board or re-examine its credibility determinations. *Superintendent, Mass. Corr. Inst. at Wolpole v. Hill*, 472 U.S. 445, 455 (1985). The only question for me to determine is whether Plaintiff's RIB proceedings satisfied due process requirements.

Before the Due Process Clause is triggered, Plaintiff must demonstrate that he was deprived of a constitutionally protected liberty or property interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Prisoners have narrower liberty and property interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a

4

retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). The Due Process Clause, standing alone, does not confers a liberty or property interest in freedom from government action taken within the sentence imposed. *Sandin*, 515 U.S. at 480. Prison discipline in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law. *Id.* at 485.

Furthermore, the Constitution itself does not create a liberty interest in avoiding transfer to more adverse conditions of confinement, like segregation or restricted housing. *Wilkinson*, 545 U.S. at 221. The Due Process Clause is triggered only when those adverse conditions impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Such a protected liberty interest generally will not be found unless placement in segregation is accompanied by a withdrawal of good time credits or is for a significant and substantial period of time. *Id.* Assignment to a super-maximum-security prison, for example, triggers due process protections, *Wilkinson*, 545 U.S. at 224, while temporary placement in disciplinary confinement is considered to be "within the range of confinement normally expected." *Sandin*, 515 U.S. at 487.

Here, Plaintiff does not allege facts suggesting he was deprived of a protected liberty interest. Nor does he state that he was denied good time credits. He contends that on the first conduct violation, he was sanctioned to 29 days in segregation followed by 6 months in ERH. He states that on his second violation he was sanctioned to 15 days in segregation, 30 days in LPH, 30 days of commissary restriction and 2 years loss of visitation privileges. Temporary placement in segregated housing does not present an "atypical and significant" hardship implicating a protected liberty interest. *See id.* Furthermore, prisoners do not have a protected liberty interest in visitation or access to the prison commissary. *Bazzetta v. McGinnis*, 430 F.3d 795, 804-05 (6th Cir. 2005); *Bailey v. Decker*, No. 19-1197-JDT-CGC, 2020 WL 1609505, at *3 (W.D. Tenn. Apr. 1, 2020). Because

Plaintiff has not demonstrated that he was deprived of a constitutionally protected liberty or property interest, the Due Process Clause was not triggered. Plaintiff fails to state a claim for denial of due process.

Plaintiff also alleges the Defendants violated his Eighth Amendment rights. The Eighth Amendment protects those who are incarcerated from punishment that is "barbarous" or that which contravenes society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). It requires that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* at 298. Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of

6

prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9.

A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer*, 511 U.S. at 834.

The conditions which Plaintiff describes (temporary placement in segregation and temporary loss of privileges) do not rise to the level of objective seriousness necessary to implicate the Eighth Amendment. The conditions to which Plaintiff was subjected present inconveniences or discomforts. There is no suggestion that they pose a serious risk to his health or safety. Plaintiff fails to state a claim for violation of his Eighth Amendment rights.

Finally, Plaintiff argues that he was subjected to double jeopardy because he was given more than one sanction for a conduct offense. The Double Jeopardy Clause of the Fifth Amendment precludes successive proceedings that are criminal in nature. *Breed v. Jones*, 421 U.S. 519, 527-28 (1974). The purpose of the Double Jeopardy Clause is to ensure that a person not be subject to criminal prosecution more than once for the same offense. *Id.* at 530. Plaintiff was subject to two proceedings; however, they were for different offenses. He does not allege he was subject to more than one proceeding for the same offense. The Double Jeopardy clause does not prohibit prison officials from imposing multiple sanction for the same conviction.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915A. I deny his motion to proceed in forma pauperis, (Doc. No. 3), and his motion for an extension of time, (Doc. No. 4), as moot. Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge